United States Bankruptcy Court
Eastern District of Michigan

Duane Jahn  
5176 Aitken  
Crosswell MI 48422

Case No. 14-30761  
Chapter 12  
Hon. Daniel S. Opperman

SS#xxx-xx-1446

Debtor

_____

## Chapter 12 Plan

Debtor proposes the following chapter 12 plan:

### Introduction

This plan of the debtor calls for certain payments to start immediately and others to be delayed. The following factors impact debtor's proposal for payments:

A. Plan commencement varies due to the crop season and the financial needs to implement the farming business each year.

B. Debtor proposes the plan in good faith and not by any means forbidden by law pursuant to 11 U.S.C. §1225

C. Debtor's projections herein are made in good faith.

D. To the best of debtor's knowledge, the plan comports with all provisions of the bankruptcy code (hereafter may be referred to as "code").

E. Debtor bases the values on good faith estimates or previous agreements between debtor and certain creditors, and are based upon timing of confirmation.

### Article 1
### Definitions

A. "Allowed Claim" means a timely filed proof of claim under F. R. Bank. Pro. (Hereafter "rule") 3001 as to which no objection to the allowance thereof has been raised within any applicable period of limitation fixed by rule 3001 or an order of the court, or as to which any

Page 1

such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

B. "Claim" is defined in 11 U.S.C. §101. Claim includes any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the debtor in existence on or as of the petition date. This remains true whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, not matured, disputed, undisputed, legal, secured or unsecured.

C. "Allowed Secured Claim" means an allowed claim secured by a lien, security interest or other charge against property in which the debtor has an interest. It also includes lien which arise by way of set off under 11 U.S.C. §553, to the extent of the value, determined in accordance with 11 U.S.C. §506 (a), of the interest of the holder of such allowed claim in the debtor's interest in such property or to the extent of the amount subject to such set off, as the case may be.

D. "Allowed Undersecured Claim" means the difference between a creditor's allowed claim less such creditor's allowed secured claim, and for which no lien, security interest or other charge against or in property in which the debtor has an interest.

E. "Allowed Unsecured Claim" means the allowed claim of a creditor which accrued prior to commencement of the case, and which is not secured by lien, security interest or other charge against property of the estate, or is not subject to set off pursuant to 11 U.S.C. §553. This definition may include undersecured claims. This definition shall not include tax claims given priority status and treatment.

F. "Effective Date" is the date the court enters an order confirming the plan.

G. "Final Order" means an order or judgment of the court which has not been appealed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

H. "Petition Date" means the date on which the debtor filed a voluntary chapter 12 petition with the court.

I. "Plan" means this chapter 12 plan in its present form or as may hereafter be amended, modified, or supplemented in accordance with the terms hereof or in accordance with the code.

Page 2

14-30761-dof    Doc 22    Filed 05/23/14    Entered 05/23/14 12:19:51    Page 2 of 9

## Article 2
### Trustee's Fee and Disposable Income

The debtor hereby submits future income to the supervision and control of the trustee and agrees to pay the trustee pursuant to statute for all disbursements paid through the plan, and commits future disposable income as defined in 11 U.S.C. §225(b)(2) during the course of the plan for payment to unsecured creditors.

## Article 3
### Administration and Priority Creditors

The administrative expenses allowed pursuant to 11 U.S.C. §503 (b) and each allowed claim entitled to priority pursuant to 11 U.S.C. §507 (a) (2) or (6) shall be paid in full in deferred cash payments unless otherwise ordered by the court, or upon such other terms as may be agreed upon by the holder of such allowed expense or allowed claim and the debtor. Where required by the code and upon approval by the court, debtor shall pay all administrative expenses on a current basis. These claims shall be unimpaired.

Claims of the debtors' attorney which may be approved by the court will be paid by the trustee from the funds paid by the debtors to the trustee under article 9, below. The trustee shall pay the claim from the first funds received and prior to payments to secured, priority, and general unsecured claims.

## Article 4
### Classification and Treatment of Claims

**Class 1 - USDA Farm Service Agency**: The Allowed Secured Claim (Claims Register #unfiled) shall be paid in full. Creditor shall retain all liens. Interest shall accrue at 3.75% on note 43-33. Interest will accrue at 1.25% on note 44-32, note 43-35 and note 43-34. Note payments will be restructured. Payments will be made annually in the cumulative amount of $30,825 with the first payment due 2-2-2015. Payments shall be applied $20,875 applied to note 43-33; $7,350 applied to note 44-32; $1,675 applied to note 43-34, and $925 applied to note 43-35.

Existing arrearages will be deemed cured by plan confirmation. The trustee shall make the payments on the claim while this chapter 12 case is pending. The debtor shall make the payments on the claim thereafter.

**Class 2 - Property Tax Claims.** (Claims Register #5 for $319.84) This claim shall be paid after class one claims in full at the time of the first distribution by trustee to Class 1 claims.

**Class 3 - Priority Claims:** These claims shall be paid in full during the term of the plan. Debtor projects the State of Michigan will be entitled to file a claim for $240 and the Internal Revenue Service has filed a proof of claim for the amount of $1323.53 (Claims Register #3). Three equal annual payments of $522 shall be made on or before December 31, in 2014, 2015 and 2016 in

satisfaction of the claim. All payments will be made by the trustee. Creditor shall retain all liens, if any.

**Class 5 - Non-Dischargable Claims.** These claims, if any, shall be paid in full, plus interest at the contract rates. Creditor shall retain all liens, if any. For any claims which are claimed to be non-dischargeable under 11 U.S.C. §523(a)(2), (4) or (6) as referenced by 11 U.S.C. §1228(a)(2), creditor shall file a timely claim indicating on its face the basis for the non-dischargeability. Any claim which may be non-dischargeable under these sections of §523 but which does not file such a claim shall be dischargeable. Currently the only claim under this section might be the claim to Monsanto in the approximate amount of $5,600 (Claims Register #unfiled). This shall be paid by trustee.

**Class 6 - General Unsecured Claims:** Based on the attached liquidation analysis, unsecured creditors would receive the remainder after payment of liquidation sale costs, trustee fees, trustee attorney fees and any other administrative expenses. That figure is set at $17,771.25 and is calculated as follows:

*The debtor estimated USDA loans at $508,487, but USDA has provided documentation of loans of about $465K plus daily interest. The attached liquidation analysis is modified to take this into consideration in order to increase the dividend to unsecured claims. This results in a possible gross dividend of $43,475. After reductions for priority claims and non-dischargeable claims in the amount of $7,163, $36,312 is estimated to be able to be distributed to all unsecured claims, including the Debtor's attorney fees, and chapter 12 trustee fees. Currently, (based on the chapter 12 trustee's current fee %) the trustee would be paid $6,497 out of these payments leaving $29,814 for debtor attorney fees, hypothetical chapter 7 trustee's attorney fees (administrative priority) and the distribution to general class 6 claims. According to the chart, which estimated a hypothetical chapter 7 trustee fee instead of the above fee to the advantage of unsecured claims, this leaves a projected chapter 7 distribution of $17,771.25 All payments will be made by the trustee. Disbursements by the trustee on these claims shall occur after all other secured and priority claims have been paid.*

## Article 5
## Payments of Claims Beyond the Term of the Plan

All secured claims/land contract caims, except as provided above, will extend, by their terms, beyond the term of this plan, and will continue to be paid over an extended period of time, as described above.

## Article 6
## Executory Contracts

The debtor may reject any executory contract that the debtor may determine as burdensome. This rejection may be accomplished by filing with the court an application to reject said contract, together with an affidavit of a mailing of such notice upon all parties affected by such rejection on or before the entry of an order by this court of confirmation of the debtor plan of reorganization and causing a hearing to be held on said notice either before or after confirmation. The debtor may withdraw and cancel this application and notice to reject by filing written notice of such withdrawal, together with an affidavit of mailing thereof upon all parties affected thereby with the court on or before the hearing by this court.

All executory contracts, including USDA program contracts, and unexpired leases relating to the general farming operations, and all other operations of the debtor, are hereby accepted:

A. **Lloyd T Oakwood/Lloyd Limited Land Contract.** The land contract is assumed. Payments are up to date with future payment to be made direct by the Debtor; not through the trustee regarding the southwest quarter of the southeast quarter section 4, township 10 North, Range 16 East (Sanilac County MI).

## Article 7
## Retention of Jurisdiction

Until this case is closed, the court shall retain jurisdiction

A. to hear and determine all claims against debtor arising prior to the confirmation date,

B. to hear and determine all claims and causes of action arising prior to the confirmation date which may exist in debtor's favor if debtor seeks such hearing and determination by the court

C. to hear and determine all matters relating to the administration of the bankruptcy estate

D. to modify the plan pursuant to the provisions of 11 U.S.C. §1229, and

E. to make such orders as are necessary or appropriate to effectuate the provisions of the plan in accordance with 11 U.S.C. §§1226, 1227, and 1228.

The court shall retain jurisdiction, and the stay shall continue, until the plan is completed, or a discharge has been granted unless this case is dismissed or converted by the court on a prior date. This article shall not be construed to alter post confirmation administrative rights or remedies.

## Article 8
## Vesting of Property of the Estate

Except as provided in 11 U.S.C. §1228 (a), and except as provided in this plan or the order confirming plan, the property of the estate is vested in the debtor free and clear of any claim or interest of any creditor provided for by this plan, pursuant to 11 U.S.C. §1227 (b). Nonetheless, the stay shall continue until the time a discharge is granted, or denied. The secured creditors herein shall, pursuant to 11 U.S.C. §1225, retain their liens securing their claims, unless otherwise provided above.

## Article 9
## Plan Payments and Accountings

The debtor shall make payments to the trustee's office on the following schedule throughout the life of this Plan:

A. $44,235 on or before Jan. 15, 2015 and this same amount on the same date in 2016 and 2017.

B. The debtor shall remit additional sums, as may be necessary, to complete all plan payments as provided above within 36 months of plan confirmation.

## Article 10
## Effective Date of Plan

This plan shall be effective on the date of the order confirming the plan; provided, however, that no appeal of the order of confirmation has been filed. In the event such an appeal is filed, this plan shall be effective as of the date the order of confirmation becomes final and binding on all parties.

## Article 11
## Miscellaneous Provisions

A. **Execution of Plan.** Te debtor shall generate the funds necessary for the execution of this plan through their cash crop and livestock fanning operations.

B. **Ordinary Course of Business.** The debtor shall be allowed, after plan approval and, without approval of this court, to seek operating loans, secured by a crop lien, each spring to continue its ongoing farming operations.

C. **Co-Signers.** If buyers of the debtor farm products issue checks co-signed to lien holders, then the lien holder shall release the proceeds to the debtor so long as payments by the debtor to the trustee and to creditors under this plan are kept current. In the alternative, the lien

Page 6

14-30761-dof    Doc 22    Filed 05/23/14    Entered 05/23/14 12:19:51    Page 6 of 9

holder shall endorse the check payable to the trustee.

D. **Other Income.** Any and all income of the debtor which is paid to the trustee by an entity or person, other than by the debtor, shall be released by the trustee to the debtor, unless otherwise provided in this plan or as directed by subsequent court order, so long as all payments by the debtor to the trustee and to creditors under the plan are kept current. No additional orders shall be necessary. Said releases to the debtor shall not be subject to the trustee's commission.

E. **Confirmation of the Plan.** Confirmation shall not divest the court of any power or jurisdictional authority necessary to enter orders under 11 U.S.C. §363, or 11 U.S.C. §1206, regardless of whether property remains in the estate or is vested in the debtor under the plan or as provided in the code.

F. **Consent.** Any "consent" required by 11 U.S.C. §363, or other section of the code, may be granted by an interested party, and shall be deemed to have been granted, by silence, or lack of objection, after appropriate notice as required by the code and the rules, including local bankruptcy rules.

Date: May 23, 2014

/s/ Mark Van Epps    p33068
Mark Van Epps, attorney for debtor
318 N Water St Owosso MI 48867
(989) 723-6777 mvanepps@vaneppslaw.com

United States Bankruptcy Court
For the Eastern District of Michigan

In Re:

Duane Jahn

debtor.

Case No. 14-30761
Chapter 12
Hon. Daniel Opperman

**Liquidation Analysis**

## XIII. Liquidation Analysis

| # | description | value | debt | balance | exempt | non exempt |
|---|---|---|---|---|---|---|
| 0 | residence | $500,000.00 | $310,000.00 | $190,000.00 | $190,000.00 | $0.00 |
|   | debt above from debtor's schedules | see plan re the actual amount of this debt | | | | |
| 2 | bank account | $3,000.00 | $0.00 | $3,000.00 | $1.00 | $2,999.00 |
| 4 | household goods | $1,265.00 | $0.00 | $1,265.00 | $1,265.00 | $0.00 |
| 5 | collections | $250.00 | $0.00 | $250.00 | $250.00 | $0.00 |
| 6 | clothing | $400.00 | $0.00 | $400.00 | $400.00 | $0.00 |
| 25 | vehicles | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| 31 | animals | $460.00 | $0.00 | $460.00 | $460.00 | $0.00 |
| 32 | crops | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33 | farming equipment | $198,475.00 | $198,475.00 | $0.00 | $0.00 | $0.00 |
|   | debt above from debtor's schedules | see plan re the actual amount of this debt | | | | |
| 34 | farming supplies | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| 35 | other (Aiken Road) | $120,000.00 | $120,000.00 | $0.00 | $0.00 | $0.00 |
|   | TOTAL | $824,850.00 | $628,475.00 | $196,375.00 | $193,376.00 | $2,999.00 |

| | | | |
|---|---|---|---|
| gross available assets (see plan) | $43,475.00 | net available assets | $18,540.75 |
| less priority unsecured claims | $7,163.00 | unsecured total as filed | $60,677.00 |
| net available in a chapter 12 | $36,312.00 | estimated % in chapter 7 | 31% |
| less projetd ch 7 expnss (see table) | $17,771.25 | estimated % in chapter 12 | 59% |

| Projected chapter 7 expenses | | |
|---|---|---|
| **Trustee fees** | | |
| Total value of property subject to sale by trustee | $43,475.00 | Under $5k: 25% of $43475 |
| Less Exempt amount not subject to trustee percentage | $0.00 | Between $5k - 50k: 10% of $38475 plus $1,250 |
| Equals total subject to trustee fee under 11 U.S.C. 326(a) | $43,475.00 | $50k - 1 mill: 5% of $-6525 plus $5,750 |
| 11 U.S.C. 326(a) fee | $5,625.00 | over $1 mill = 3% of $-956525 plus $53,250 |
| **Taxes to be paid on capital gains from sale of assets** | | |
| Gross Sale Price of Assets | $43,475.00 | Note: no capital gains taxes on residence in many |
| Basis of Property Sold | $43,475.00 | cases. Therefore subtract out from Gross Sale Price and |
| Projected capital gains taxes at 10% | $0.00 | Basis amount these figures unless taxable. |
| **Costs of securing property, storing property and selling property** | | |
| Auction fees, realtor fees, etc (15%) | $6,521.25 | Statement of projected costs in this category: |
| **Attorney for Trustee fees** | | |
| Attorney for Trustee fees | $5,625.00 | Explain possible expenses for attorney for trustee: |

Dated:    6/30/2005

United States Bankruptcy Court
For the Eastern District of Michigan

In Re:

 Duane Jahn
 n/a
   debtor.

Case No. 14-30761
Chapter 12
Hon. Daniel Opperman

**Yearly Estimate of Payments**

| | | |
|---|---:|---:|
| 1 Plan length in years | 3 | |
| 2 Estimated preconfirmation months | 0 | |
| 3 Payment per year | $15,000 | |
| 4 Step Up/Down Payments, Lump Sums | $0 | |
| 5 **Total available assets** | | $45,000 |
| 6 Average Monthly Payment | $15,000 | |
| 7 **Projected trustee fees (interest rate/total fees)** | 4.5% | $2,025 |
| 8 **Projected attorney fees (throughout case) (@.5 hours/mo)** | | $7,500 |
| 9 **Projected mortgage 1 payments (per month/total)** | $0 | $0 |
| 10 **Projected mortgage 2 payments (per month/total)** | $0 | $0 |
| 11 **Escrow payment (per month/total)** | $0 | $0 |
| 12 **Secured claims, arrears and priority** | | $7,163 |

| Calculation Table | claim | IR | interest | total |
|---|---:|---:|---:|---:|
| Sanilac County taxes outside | $0 | 12.00% | | $0 |
| USDA outside | $0 | 0.00% | $0 | $0 |
| Land contracts outside | $0 | 0.00% | $0 | $0 |
| Non-dischargeable Claim | $5,600 | 0.00% | $0 | $5,600 |
| State of Michigan taxes | $240 | 0.00% | $0 | $240 |
| IRS taxes | $1,323 | 0.00% | $0 | $1,323 |

| | |
|---|---:|
| 13 Projected months to pay secured, priority & arrears | 0.6 |
| 14 Projected funds for remaining claims including attorneys fees | $35,812 |
| 15 Claims filed so far (claims 1, 2, 4, 6, 7, 8) | $60,677 |
| 16 Paid to date | $0 |
| 17 Total unsecured claims | $60,677 |
| 18 **Percentage to unsecured** | **59%** |
| 19 Percentage in a chapter 7 based on claims as filed | 31% |