UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

DUANE JAHN,                    Case No. 14-30761
                               Chapter 12
                               Hon. Daniel S. Opperman
        Debtor.

# UNITED STATES' OBJECTION TO CONFIRMATION OF CHAPTER 12 PLAN

The United States of America, by its attorneys, United States Attorney Barbara L. McQuade and Assistant United States Attorney Julia A. Caroff, on behalf of its agency, the Farm Service Agency (FSA), objects to the confirmation of the debtor's plan for the following reasons:

1. Debtor filed a voluntary petition for protection under Chapter 12 of the Bankruptcy Code on February 25, 2014.

2. The FSA filed a proof of claim on May 30, 2014, stating a secured claim in the amount of $461,390.64, fully secured by real property and equipment.

3. On page 3 of the plan, the interest rates listed for the FSA's specific notes are unacceptable and the proposed yearly payments are incorrect. The loan note numbers, corresponding interest rates and yearly payments should be as follows:

1

| Note No. | Interest Rate | Yearly Payment |
|----------|---------------|----------------|
| 43-33    | 4.375%        | $22,310.00     |
| 44-32    | 2.25%         | $8,135.00      |
| 43-34    | 3.25%         | $2,035.00      |
| 43-35    | 3.25%         | $1,156.00      |

The FSA should continue to receive the rates of interest stated in the notes on the debts to be repaid under the plan. To the extent that the plan proposes different, lower rates, the United States objects. The total annual payment for all four loans would be $33,636.00.

4. The plan does not allow the FSA to receive post-petition interest on Promissory Notes 44-32, 43-33, 43-34 and 43-35 at the note rate, between the petition date and the plan confirmation date. Currently, total post-petition interest is accruing at $65.6634 per day. The FSA should be paid this post-petition interest from February 25, 2014 until this plan is confirmed, with such interest to continue after confirmation for the reasons stated in the preceding paragraph.

5. Debtor did not include an income and expense statement or explain how the proposed debt payments will be paid in the future.

6. The plan does not expressly allow for the United States' right to set off any post-petition program payments or tax refunds against the debts addressed in the plan, should the debtor become delinquent on plan payments. The plan should include the following language:

If there is a default under the plan with regard to the FSA, and the debtors become entitled to receive from the Commodity Credit Corporation (CCC), the Farm Service Agency (FSA) or the IRS, the benefits, proceeds or payments of any program administered by either the CCC or FSA, or a tax refund, the debtors consent to the application and setoff of such funds and/or refund (up to the amount of the payment default) against any post-petition or plan payments owed by the debtors to the CCC, FSA or IRS, with any remaining funds due the debtors to be paid by the government agency to the chapter 12 trustee. CCC, FSA and/or the IRS may apply and setoff such funds against such indebtedness without seeking further permission, leave or relief from stay from this Court. This order does not otherwise affect any other federal right of setoff or the debtor's defenses thereto.

BARBARA L. McQUADE
United States Attorney

/s/Julia A. Caroff
JULIA A. CAROFF
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9772
E-mail: Julia.Caroff@usdoj.gov

Dated: June 16, 2014          Penna. Bar No. 37949